Manuel Rusk v. The State.

No. 3826.   Decided April 22, 1908.

**1.—Rape—Insanity—Charge of Court.**

Where upon trial for rape, there was some suggestion in the record that the defendant was insane or of very weak mind, the court charged that the jury must believe beyond a reasonable doubt that at the time of the commission of the act by the defendant he was of that degree of mental soundness that would enable him to realize that his act was wrong, and to apprise him of the probable consequences thereof, otherwise to acquit the defendant; he could not complain and there was no error.

**2.—Same—Sufficiency of the Evidence.**

Where upon trial for rape the evidence showed that the defendant was a young boy, and the prosecutrix a very old woman, but her testimony proved the offense and was substantially uncontradicted, the verdict will not be disturbed.

Appeal from the District Court of Harrison.   Tried below before the Hon. W. C. Buford.

Appeal for a conviction of rape; penalty, five and one-half years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This is a very peculiar case and one of a character not likely to be often met with.   The appellant was a young boy some 15 or 16 years of age.   He was charged with the crime of rape on the person of one Julia Bedford, an old woman about 80 years of age. Both parties were negroes. . Julia Bedford testifies that while picking cotton in the field, appellant came to where she was and after some conversation assaulted her and had carnal knowledge of her person over her protest and against her will and despite the utmost possible resistance.   She is substantially uncontradicted.   The fact that she made immediate outcry is established by the evidence and there was shown at the place of the alleged rape signs and evidence of a struggle, and the tracks of two persons, one of a woman with shoes on and the other, barefoot tracks.   The only contradiction of the testimony of Julia Bedford was that in mentioning some injury she received on her shoulder to some of the witnesses, she made no mention of the more serious charge of rape.   There was some suggestion in the record that appellant was insane or at least of very weak mind.   The court charged on this issue and submitted same very clearly to the jury.   In addition to the general charge the following special instruction was requested which was given: "If you believe from the evidence beyond a reasonable doubt that the defendant committed the act with which

he stands charged you are instructed that before you can find the defendant guilty of the offense of rape you must further believe beyond a reasonable doubt that at the time of the commission of the act the defendant was of that degree of mental soundness that would enable him to realize that his act was wrong, and to apprise him of the probable consequences thereof, and unless you so believe, you will acquit the defendant." This was in fact a more favorable submission of this issue than the defendant was entitled to receive in that it placed the burden of the proof of appellant's sanity on the State.

Complaint was made that the court erred in the following portion of his charge to the jury: "You are further charged that if you find from the evidence that defendant is of unsound mind, and that by reason of such unsound mind, he was not and is not able to distinguish between right and wrong, and not able to judge of the character and quality of an act such as charged against him in this case and the probable consequences of said act, then the law would not hold him responsible." The particular error claimed in this charge is not pointed out. It is manifest that if for any reason it is insufficient any such insufficiency was supplied and rendered harmless by the special charge given which we have quoted above.

The principle ground relied on for reversal seems to be the assumed insufficiency of the evidence to sustain the verdict. The evidence is not, considering the age of the prosecuting witness, the age of appellant and all the circumstances, of that conclusive character which might well be desired in every criminal case, but the evidence of Julia Bedford distinctly affirms and includes an assertion of every fact essential to sustain the conviction, nor was her testimony substantially shaken on cross-examination. The charge of the court is as favorable to appellant as he could rightfully demand. The jury have found adversely to appellant's contention by their verdict, and have affirmed their belief in the truthfulness and credibility of the testimony of the prosecuting witness. As presented to us we do not feel that we should interfere. The judgment of the court below is therefore, affirmed.

*Affirmed.*